MARTHY M. CASEY v. N. CASEY, Appellant. ·

**Divorce:** DISPOSITION OF PROPERTY: *Decree too favorable to party complaining.* In a suit for divorce, wherein it appeared that the farm upon which plaintiff and defendant lived was bought . with money given to plaintiff by her father, the court, in decreeing a divorce to plaintiff, gave her the farm, but charged it with a large part of the costs in the case, and with $75 per year for support of defendant, and also gave her custody of the minor children, charged with their support and education. *Held*, that defendant had no cause to complain.

*Appeal from Hamilton District Court.*—HON. J. R. WHITAKER, Judge.

TUESDAY, JANUARY 28, 1902.

A DIVORCE action, based on cruel and inhuman treatment. Decree for the plaintiff, from which the defendant appeals.—*Affirmed.*

*Wesley Martin* for appellant.

*D. C. Chase* for appellee.

SHERWIN, J.—If the evidence produced by the plaintiff in support of her case is true, there can be no question that the decree of divorce is right, for the acts testified to present

an unusually strong case of cruel treatment on the part of the defendant. The principal evidence against the defendant, in addition to that of the plaintiff, is that of his own children. It is always a sad thing to see children arrayed as witnesses against a parent, and in this case it is doubly so, because of the bitterness and hatred appearing in the testimony of the children. There must, however, be some reason for this intense feeling against the father. The children have all reached an age which enables them to know and understand the nature of the acts and conduct of the parties towards each other, and it is hardly possible that they could be so lacking in filial love and respect for a good and kind father as to fabricate the damaging testimony given by all of them against him. It is not an unusual circumstance to find children divided in their support of parents in these unhappy affairs, but it is rare indeed that we find them all arrayed without cause on the side of one parent. The district judge had all of these witnesses before him in the trial of this case, and believed the testimony given by them. This testimony appears in the main to be consistent, and should be given the weight by us that it received in the district court. The record fairly shows that the farm upon which these parties lived was bought with money given to the plaintiff by her father as an advancement, hence it was rightly given to her by the decree below. It is charged with a large part of the costs in the case, and with $75 per year for the support of the defendant. In addition to this, the plaintiff is given the custody of the minor children, and charged with their support and education. On the whole, we think the defendant has no just cause for complaint, in view of the fact that the farm was brought to him by the wife.

The judgment is AFFIRMED.